UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SHANE JEANSONNE** | : | **DOCKET NO. 2:21-cv-4384** |
| | | **SECTION P** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **LA ATTORNEY GENERAL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss (doc. 19) filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure by Defendant, Attorney General Jeff Landry ("Defendant"). This motion comes in response to a *pro se* civil rights complaint filed by Shane Jeansonne ("Plaintiff"). Plaintiff filed an opposition to the Defendant's motion (doc. 21), and Defendant filed a reply to the opposition (doc. 27). The Defendant's motion is now ripe for review. For the reasons below, we recommend that the Motion to Dismiss be **GRANTED**.

### I.
#### BACKGROUND

Plaintiff sued Defendant, Attorney General Jeff Landry under 42 U.S.C. § 1983, "challenging all areas that could conceivably be construed as a regulation towards sex offenders… in which the sex offender was convicted of a federal offense…but only those which has a regulatory effect not explicitly provided for under SORNA or is substantively different from SORNA." Doc. 1, p. 9, ¶ 9. According to his Amended Complaint (doc. 7), Plaintiff seeks $250,000,000 in compensatory damages. Doc. 7, p. 5. ¶ V.

## II.
### LEGAL STANDARDS

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is appropriate when a defendant attacks the Complaint, because it fails to state a legally cognizable claim. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff satisfies this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n,* 658 F.3d 500, 504 (5th Cir. 2011), *quoting, Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Usually, in considering a motion to dismiss pursuant to Rule12(b)(6), a district court must limit itself to the face of the Complaint including attachments thereto. However, applicable jurisprudence establishes exceptions to this restriction wherein the Court may take judicial notice of documents or information which constitute matters of public record when considering a Rule 12(b)(6) motion to dismiss. *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *Haygood v. Begue*, 2014 WL1320152 at 1 (W.D. La. March 31, 2014).

## III.
### ANALYSIS

### A. *Attorney General Landry is not tasked with the enforcement of sex offender laws.*

Plaintiff has filed suit against the Attorney General for the State of Louisiana, because he alleges that the Attorney General is "authorized to enforce sex offender laws." Doc. 7, p. 4, ¶ II(D). Louisiana Revised Statute 36:701 provides for the creation of the Louisiana Department of Justice and states that the Attorney General shall serve as the executive head and chief administrative officer of the Department of Justice. Section 702 provides the "Powers and duties of the Attorney General." Throughout that section, the Attorney General is not vested with the authority to enforce criminal law. Section 704(F) does provide for the establishment of a criminal

division of the Louisiana Department of Justice; but that division's functions do not include the enforcement of criminal laws. Louisiana Attorney General, Jeff Landry, is not tasked with the enforcement of any criminal law. Accordingly, Defendant argues that Plaintiff has failed to state a claim upon which relief can be granted.

In opposition, Plaintiff argues that it is a "slap in the face" to consider "that the Department of Justice of the State of Louisiana does not enforce their laws." However, the Defendant points out that Plaintiff did not file suit against the Department of Justice for the State of Louisiana. Rather, he names Attorney General Landry as the sole defendant in this complaint. In order to impose personal liability on Landry under §1983, Plaintiff must show that Landry's actions somehow caused the deprivation of Plaintiff's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999). Moreover, in order to plead a §1983 cause of action, Plaintiff must establish that Landry was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation. *James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008). Thus, a successful §1983 claim "must enunciate a set of facts that illustrate Landry's participation in the wrong alleged." *Jacquez v. Procunier*, 810 F.2d 789, 793 (5th Cir. 1986).

Louisiana law provides that the "Attorney General can institute a criminal proceeding for cause only after authorization by the court." *State v. Neyrey*, 341 So.2d 319, 322 (La. 1976). Attorney General Jeff Landry is not tasked with the enforcement of sex offender laws as alleged by the Plaintiff, nor is he personally involved in any alleged deprivation of Plaintiff's rights. Accordingly, all claims against him should be dismissed.

### B. *Plaintiff has failed to identify any violation of rights that he has suffered.*

Moreover, neither the original nor the amended complaints filed in this matter set forth allegations or facts sufficient to state a claim upon which relief may be granted. As the Court has previously noted, the Supporting Memoranda attached to Plaintiff's Original Complaint (doc. 1) is "10 pages of rhetorical questions and recitation of law…devoid of any facts..." Doc. 6, Order denying Motion to Appoint Counsel. Plaintiff's Amended Complaint provided no additional allegations or facts. Plaintiff makes only an admittedly "bare allegation" (doc. 21, att. 1, p. 3) in his Amended Complaint, that "Congress did not authorize for Louisiana to define sanctions for violating federal law" (doc. 7, p. 4, ¶ II(D)).

Plaintiff's conviction stated that he "must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. §20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he resides, works, is a student, or were convicted of a qualifying offense." *United States of America v. Jeansonne*, 1:17-cr-00267 (W.D. La. 3/20/17), Rec. Doc. 37. SORNA requires that each jurisdiction "maintain a jurisdiction-wide sex offender registry…" 34 U.S.C. §20912. Next, SORNA requires that each sex offender shall register in the jurisdiction where the offender resides, is an employee, or is a student. *Id* at § 20913(a)). Lastly, SORNA requires that each jurisdiction "shall provide a criminal penalty that includes a maximum term of imprisonment that is greater than 1 year for the failure of a sex offender to comply with the requirements of this subchapter." *Id*. at §20913(e).

Accordingly, while Plaintiff asks the Court a number of hypothetical and rhetorical questions regarding what Congress did or did not delegate to the states with regards to SORNA, the Defendant argues, and the Court agrees, that SORNA did, in fact, delegate the task of sex

offender registration and enforcement of registration to the states. Plaintiff has failed to state claim upon which relief can be granted, and his complaint should be dismissed with prejudice.

## IV.
### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion to Dismiss filed by Defendant Attorney General Jeff Landry (doc. 19) be **GRANTED** and this matter be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that all pending motions be **DENIED** and **DISMISSED** as **MOOT**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 1st day of November, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE